[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11808
Non-Argument Calendar
_____

Agency No. A96-169-818

PETER VALENTINO LAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 27, 2006**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Peter Valentino Lam ("Lam") seeks appellate review of a decision

by the Board of Immigration Appeals ("BIA"), affirming a decision by an

Immigration Judge ("IJ"), denying Lam's application for withholding of removal under the Immigration and Nationality Act ("INA") 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT").

Lam, a native of Indonesia, alleges that he has a reasonable fear of persecution on the basis of his Chinese ethnicity and Christian faith, both of which are a minority in Indonesia. Lam primarily bases his fears on two past incidents of abuse that occurred while he resided in Indonesia. In the first instance, Lam alleged that following a motorcycle accident, he was beaten by a crowd and then taken to a police station and detained for half a day before being fined and released. Lam also claimed that on one occasion, following disturbances by a violent Muslim mob, his office was broken into and he was beaten. Lam also refers to State Department and Amnesty International reports in attempting to establish that Indonesia is unsafe for minorities. In reviewing his claim, the IJ determined that (1) Lam's testimony regarding these incidents was not completely credible; (2) that Lam had failed to establish government causation or acquiescence in such harassment; and (3) that the record did not demonstrate that the problems allegedly faced by minorities rose to the level of persecution under the INA, or to torture under CAT. The BIA affirmed these findings.

## Standard of Review

We have appellate jurisdiction pursuant to 8 U.S.C. § 1252(b)(4). Judicial

review of claims under the Convention Against Torture are heard as part of the review of a final order of removal pursuant to 8 U.S.C. § 1252. 8 C.F.R. § 208.18(e).

We will review only the BIA's decision, but to the extent that this decision expressly adopts the IJ's opinion and reasoning, we will review the IJ's decision. *Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir. 2001). In examining the decision, the administrative findings of fact are conclusive on the Court unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). We are bound to affirm the IJ's decision as long as it is supported by substantial evidence and may only reverse a factual finding when the record compels it. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir.2004) (*en banc*), *cert. denied,* 544 U.S. 1035, 125 S. Ct. 2245, 161 L. Ed. 2d 1063 (2005).

*Discussion*

To be eligible for withholding of removal under the INA, an applicant must demonstrate that there is a clear probability of future persecution on account of race, religion, ethnicity, political opinion or social group.  8 U.S.C. § 1231(b)(3)(A); *I.N.S. v. Stevic*, 467 U.S. 407, 429, 104 S. Ct. 2489, 2501, 81 L. Ed. 2d. 321 (1984).  This requirement can be met by demonstrating either the threat of future persecution based on a protected ground, or by showing the existence of past persecution on one of those grounds, which creates a rebuttable presumption of

future persecution. *Tan v. U.S. Att'y. Gen.,* 446 F.3d 1369, 1375 (11th Cir. 2006). To qualify as persecution, the alleged activities must rise beyond the level of harassment and must be the result of action by government officials or non-governmental groups that the government cannot control. *Sanchez v. U.S. Att'y. Gen.,* 392 F.3d 434, 437 (11th Cir. 2004) (*per curiam*). To establish the right to withholding of removal under the Convention Against Torture, an applicant must show that it is more likely than not that he or she would be tortured upon return. 8 C.F.R. § 208.16(b)(2)(I). Torture, for withholding purposes, is defined as either physical or mental pain or suffering intentionally inflicted on someone at the "instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C F.R. § 208.18(a)(1).

We find that there is substantial evidence supporting the IJ's conclusions in this case. Lam relies primarily on two incidents of violence against his person in support of his claim, neither of which were severe enough to require medical attention. While such events are unfortunate, these isolated incidents during an extended period of time do not rise to the level of either torture or persecution, which is also an "extreme concept." *Sepulveda v. U.S. Att'y. Gen.* 401 F.3d 1226, 1231 (11th Cir. 2004) (citation omitted). The decision below also drew support from State Department reports on Indonesia, which suggested that while human

4

rights issues remain a problem in the country, they appear to be primarily incidents of harassment or discrimination, rather than the kind of persecution that would mandate relief under the INA or CAT.

Accordingly, we conclude that the decisions of the BIA and the IJ contain no reversible error and affirm the decision below.

**AFFIRMED.**